BLANK ROME LLP
Attorneys for Defendants
GEARBULK SHIPOWNING LTD.
and GEARBULK AG
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAN FERROSTAAL, INC. now known as FERROSTAAL METALS GROUP, INC., <br><br> Plaintiff, <br><br> - against - <br><br> M/V GROUSE ARROW, M/V BERGEN ARROW, their engines, boilers, tackle, etc., JEBSEN KG, GEARBULK SHIPOWNING LTD., GEARBULK AG, <br><br> Defendants. | 08 CV 0219 (DC) <br> ECF CASE |

**ANSWER UNDER ADMIRALTY RULE E(7) OF SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendants GEARBULK SHIPOWNING LTD. and GEARBULK AG (collectively "Gearbulk") answers the Verified Amended Rule B complaint of MAN FERROSTAAL, INC. now known as FERROSTAAL METALS GROUP, INC. (" Ferrostaal" or "Plaintiff") dated January 15, 2008 and states as follows upon information and belief:

1. Admits the allegations in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Admits as to Gearbulk AG that it chartered the Vessel to plaintiff under a charter dated November 7, 2006 as owner, but otherwise denies the allegations in Paragraph 3 of the Complaint.

4. Denies the allegations in Paragraph 4 of the Complaint.

5. Denies the allegations in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 is a legal conclusion that Defendant is not obliged to answer or deny but denies the allegations and claims therein.

8. Denies the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 contains legal conclusions which Defendant is not obliged to answer but such allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST

1. The Court lacks personal jurisdiction over Defendants which is specifically not waived by an appearance herein pursuant to Supplemental Rule E(8).

### SECOND

2. The Complaint fails to state a cause of action upon which relief may be granted.

### THIRD

3. The Complaint must be stayed or dismissed under 9 U.S.C. § 1 et seq. and §§ 201, et seq. in favor of the Arbitration pursuant to the Charter and/or bills of lading.

### FOURTH

4. Plaintiffs are not the real parties interest and lack standing to bring this claim against Gearbulk.

### FIFTH

5. The alleged claim is barred by applicable statutes of limitations.

### SIXTH

6. The alleged claim is barred by operation of law.

### SEVENTH

7. The alleged claim is barred by laches.

### EIGHTH

8. Plaintiffs have failed to include or join indispensable parties to this action.

### NINTH

9. If plaintiffs suffered any loss or damage as alleged, which is denied, it was caused by or contributed to by an act or omission by the plaintiffs and/or other third-parties, and not by Gearbulk.

### TENTH

10. Plaintiffs failed to properly mitigate their alleged damages.

### ELEVENTH

11. Service of the Complaint on Gearbulk was improper and insufficient.

### TWELFTH

12. Gearbulk did not have possession of or operate, manage, navigate or otherwise control the Vessel at the relevant times referred to in the Complaint and is not liable for any cargo damages or loss allegedly suffered by plaintiffs.

617499.00603/6606552v.1

## THIRTEENTH

13. Gearbulk did not owe any duty to plaintiffs, under theories of negligence and as a carrier under the United States Carriage of Goods by Sea Act, 46 U.S.C. §§1300-1315 ("COGSA"), the International Convention for the Unification of Certain Rules of Law relating to Bills of Lading ("Hague Rules") and/or the Brussels Protocol to the Hague Rules ("Hague-Visby Rules").

## FOURTEENTH

14. Gearbulk is entitled to the benefit of all defenses and rights of limitation of liability afforded by all applicable contracts, statutes and treaties.

## FIFTEENTH

15. Alternatively, if Gearbulk was a carrier under the relevant bills of lading or charter parties, it is entitled to all of the rights and defenses available under COGSA, the Hague Rules and/or the Hague-Visby Rules.

## SIXTEENTH

16. If plaintiffs suffered any damage or loss as alleged in the Complaint, which is denied, it was caused by the fault, neglect, omission, or breach of contract by remaining defendants or by one or more unnamed parties, their employees, agents or representatives, and occurred without any fault, negligence, or breach of duty on the part of Gearbulk, its agents, servants or employees.

17. If any liability is imposed on Gearbulk by reason of the allegations contained in the Complaint, Gearbulk is entitled to indemnity in full and/or contribution by remaining defendants in the amount of the judgment against Gearbulk, plus interest, together with its attorneys' fees and expenses.

617499.00603/6606552v.1

WHEREFORE, defendants respectfully requests that:

(a) The Complaint be dismissed against it in favor of arbitration;

(b) Gearbulk be awarded its attorneys fees and all costs incurred in connection with this action;

(c) in the event judgment is granted in favor of plaintiffs and against Gearbulk, Gearbulk be granted indemnity and/or contribution against remaining defendants, for the amount of such judgment, plus interest, together with its attorneys' fees and costs; and

(d) the Court award Gearbulk such further and other relief as may be just.

Date: New York, New York
July 25, 2008

Respectfully submitted,

BLANK ROME LLP

By: _____
Jeremy J.O. Harwood
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendants*
*GEARBULK SHIPOWNING LTD. and*
*GEARBULK AG*

617499.00603/6606552v.1